UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL L. SHEPHERD,

    Petitioner,

v.                                                  Case No. 8:08-cv-2180-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
                                        /

## **O R D E R**

Shepherd petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for lewd and lascivious molestation of a child under the age of twelve, for which he serves twenty years. Numerous exhibits[1] support the response. (Doc. 27) The respondent correctly argues that the petition is time-barred.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 petition for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C.

---

[1] The respondent filed exhibits in paper format ("Respondent's Exhibit __") and supplemental exhibits in electronic format ("Respondent's Supp. Exhibits"). (Doc. 11 and 28)

§ 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Shepherd's conviction was final on January 26, 2006,[2] and the limitation expired one year later, absent tolling for a state post-conviction proceeding. Shepherd let 238 days elapse before filing a state Rule 3.850 motion for post-conviction relief. (Respondent's Exhibit 6) Tolling continued until May 27, 2008, when the mandate issued. (Respondent's Exhibit 18) Shepherd had 127 days remaining (365 - 238 = 127). Consequently, Shepherd's federal one-year deadline was October 1, 2008  (May 27, 2008 + 127 days = October 1, 2008).[3]  Shepherd dated his federal petition October 28, 2008, twenty-seven days late.

---

[2] Shepherd's direct appeal concluded on October 28, 2005 (Respondent's Exhibit 5). The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

Shepherd succeeded in obtaining a partial reversal on direct appeal. The trial court originally designated Shepherd a sexual predator, but not until after Shepherd had filed his notice of appeal. The appellate court ruled that the trial court lacked jurisdiction to enter the designation and remanded for the trial court to enter a new designation. The trial court complied on December 16, 2005. Shepherd filed no appeal. The thirty days permitted to appeal expired on January 15, before expiration of the ninety days for filing a petition for the writ of *certiorari*. The time-bar calculation in this order is based on the later, January 26, 2005, expiration of the time to seek *certiorari* review, which date inures to Shepherd's benefit.

[3] Shepherd filed a petition for the writ of habeas corpus (Respondent's Supp. Exhibit 2) with the state appellate court in which he challenged the effectiveness of appellate counsel. Because that petition was dismissed as untimely (Respondent's Supp. Exhibit 3), Shepherd is entitled to no tolling for that proceeding. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under § 2244(d)(2).").

Liberally construing the reply,[4] Shepherd argues that he is entitled to equitable tolling of the limitation and that he is actually innocent. Shepherd proves entitlement to neither benefit.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner must meet both requirements, and he controls the first requirement—due diligence—but not the second—extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. "Under long-established principles, petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419. But "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 130 S. Ct. at 2566 (internal quotations and citations omitted). A finding of entitlement to equitable tolling is reserved for the unusual case because proving both due diligence and extraordinary circumstances is exceedingly difficult.

---

[4] Shepherd's plea that "this court will exercise the judicial leniency afforded to it in determining a petition submitted by a layman of the law" is not rejected. (Reply at 2, Doc. 30)

Shepherd represents that he has given a "gargantuan effort . . . to self-teach all the rules, both State and Federal, [and to] learn how to argue in a legally sound manner . . . ." (Reply at 2, Doc. 30)[5] His representation is accepted, but ignorance of one's legal rights is not an "extraordinary circumstance" justifying equitable tolling. *Jackson v. Asture*, 506 F.2d 1349, 1356 (11th Cir. 2007). Shepherd represents that his attorney failed to deliver the record to him until six months after the decision on direct appeal. Ordinary negligence, even by an attorney, is no basis for equitable tolling. *Lawrence v. Florida*, 549 U.S. 327 (2007). *See also Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002), *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000), and *Sandvik v. United States*, 177 F.3d at 1271-72. A deficient prison law library is no "extraordinary circumstance" justifying equitable tolling, *Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002), and limited or restricted access to a prison law library justifies no equitable tolling. *Miller v. Florida*, 307 Fed. App'x 366, 367-68 (11th Cir. 2009)[6] ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling."). Shepherd fails to show due diligence and extraordinary circumstances, both of which are needed to qualify for equitable tolling.

---

[5] Shepherd's documents show that he has both learned much and expended much effort.

[6] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

Shepherd argues that he is "actually innocent," which is a gateway that permits the review of time-barred or procedurally barred federal claims. Passing through the gateway is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The new evidence must show that, in fact, Shepherd did not commit the offense. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). And the new evidence must compel a finding of not guilty. "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006). Shepherd asserts no new evidence to support his actual innocence argument. Apparently, Shepherd's contention is simply a disagreement with the jury's rejection of his claimed innocence. If so, Shepherd's argument amounts to no more than a claim of insufficiency of the evidence to convict him, which claim he was not precluded from timely raising within the one-year limitations.

Shepherd fails to show either entitlement to equitable tolling or that he is actually innocent. As a consequence, Shepherd's petition is barred from federal review.[7]

Accordingly, the petition for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk shall enter a judgment against Shepherd and close this case.

## CERTIFICATE OF APPEALABILITY
## AND
## LEAVE TO APPEAL IN FORMA PAUPERIS

Shepherd is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Shepherd must show that reasonable

---

[7] The respondent's initial response (Doc. 8) was stricken because it "misstates or ignores most of Shepherd's claims in grounds one and two and ignores the existence of the ineffective assistance of appellate counsel claim in ground three." (Order at 1, Doc. 17) The second response (Doc. 21) was also stricken because it consists of "an assortment of boilerplate language entirely unresponsive to the earlier order" and "appears again to fall below an acceptable level of attention and profession care." (Order at 1, Doc. 17) Counsel was "warned that a further incident of this nature may subject her to sanction, including withdrawal of the court's permission for her to practice in this court." (Order at 2-3, Doc. 22) The final response (Doc. 27), which was prepared by replacement counsel (an attorney who customarily submits excellent work), thoroughly addresses each ground and sub-claim. The final response correctly argues that many of the grounds are not reviewable in federal court for several procedural reasons, in addition to the statute of limitation (both of the initial responses failed to recognize that the petition faced a limitation obstacle). If the petition was not time-barred, the other procedural and merits arguments in the final response show that Shepherd is not entitled to relief.

jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Shepherd cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because Shepherd is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Shepherd must pay the full $455 appellate filing fee without installments unless the circuit court allows Shepherd to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on September 28, 2012.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE